| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| ROBERT WAKEFIELD, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:17-CV-307 |
| | § | |
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, | § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Robert Wakefield's ("Wakefield") Motion to Remand and Supporting Brief (#4), wherein he asks the court to remand this action to the state court in which it was originally filed. Having considered the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I. Background

On June 8, 2017, Wakefield filed this case against Defendant Allstate Vehicle & Property Insurance Company ("Allstate") in the 356th Judicial District Court of Hardin County, Texas, alleging that Allstate wrongfully denied his claim for damages under his homeowner's insurance policy (issued by Allstate). According to Wakefield, on March 25, 2017, a windstorm damaged his swimming pool. Allstate denied Wakefield's claim, which prompted Wakefield to file suit in state court, asserting claims for breach of contract, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing. The petition states that "actual damages sought are less than $75,000.00." Nonetheless, Wakefield also seeks to recover consequential and incidental damages, special damages in the form

of lost use of property (both real and personal) and damage to credit, attorney's fees, additional statutory damages, mental anguish, and statutory treble damages.

On July 17, 2017, Allstate removed the case to federal court on the basis of diversity jurisdiction.[1] In response, Wakefield filed a motion to remand on the basis that the requisite amount in controversy is lacking. Allstate did not file a responsive brief in opposition.

II. Analysis

A. Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1165 (2016); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.) (citing *Kokkonen*, 511 U.S. at 377), *cert. denied*, 534 U.S. 993 (2001); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Clayton v. Conoco Phillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 906 (2014). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567,

---

[1] It is undisputed that Wakefield is a citizen of Texas, and Allstate is a citizen of Illinois.

571 (2004); *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015); *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord African Methodist Episcopal Church*, 756 F.3d at 793; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see* 13E CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Fort Worth & W. R.R. Co. v. Stevenson*, No. 3:15-CV-0906-B, 2015 WL 3867906, at *1 (N.D. Tex. June 22, 2015); *Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Mumfrey*, 719 F.3d at 397.

"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Camsoft Data Sys., Inc. v. S. Elec. Supply, Inc.*, 756 F.3d 327, 333 (5th Cir. 2014); *Barker*, 713 F.3d at 228. Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor

of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *African Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212. In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000)); *accord African Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212.

B. <u>Diversity Jurisdiction</u>

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004). In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

4

The state court petition is usually consulted to determine the amount in controversy, and the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014); *Danial v. Daniels*, 162 F. App'x 288, 290 (5th Cir.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)), *cert. denied*, 549 U.S. 820 (2006); *Manguno*, 276 F.3d at 723 (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Texas law requires plaintiffs to plead for damages that fall within certain ranges. TEX. R. CIV. P. 47; *Mumfrey*, 719 F.3d at 398 & n.9 (noting that prior to March 1, 2013, Texas law prohibited plaintiffs from pleading for a specific amount of damages). The lowest range of damages that can be pleaded is "monetary relief of $100,000 or less." TEX. R. CIV. P. 47(c)(1).

In situations such as this one, where the petition alleges only a range of damages ("actual damages sought are less than $75,000.00") and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003); *Manguno*, 276 F.3d at 723; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). The removing party can satisfy that burden (1) by showing that "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) [by setting forth] 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)); *accord Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003); *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003).

5

If a defendant satisfies its burden, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289; *see Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010); *Grant*, 309 F.3d at 869; *Manguno*, 276 F.3d at 724. "In other words, where the plaintiff's claims can be proved to be of the type that are worth more than [$75,000.00], they can be removed unless the plaintiff can show he is legally bound to accept less." *Vielma v. ACC Holding, Inc.*, No. EP-12-CV-501, 2013 WL 3367494, at *5 (W.D. Tex. Apr. 16, 2013) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *accord Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010). The plaintiff "may establish this by identifying a statute, or by filing a binding stipulation, that so limits [his] recovery." *Manguno*, 276 F.3d at 724 (citing *De Aguilar v. Boeing Co. ("De Aguilar II")*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995)); *accord Griffin*, 562 F. Supp. 2d at 778. The United States Court of Appeals for the Fifth Circuit has "emphasized that 'this is not a burden-shifting exercise'; rather, the 'plaintiff must make all information known at the time he files the complaint.'" *Grant*, 309 F.3d at 869 (quoting *De Aguilar II*, 47 F.3d at 1412).

Generally, penalties, statutory damages, punitive damages, and attorney's fees are included in the amount in controversy. *Greenberg*, 134 F.3d at 1253. Specifically, attorney's fees are included in the amount in controversy when assessing the jurisdictional amount if they are provided for by contract or state statute. *Grant*, 309 F.3d at 869; *Manguno*, 276 F.3d at 723; *Greenberg*, 134 F.3d at 1253; *Lawson v. Parker Hannifin Corp.,* No. 4:13-cv-923, 2014 WL 1158880, at *2-3 (N.D. Tex. Mar. 20, 2014), *aff'd*, 614 F. App'x 725 (5th Cir. 2015); *Watson v. Provident Life & Acc. Ins. Co.*, No. 3:08-CV-2065, 2009 WL 1437823, at *6 (N.D. Tex. May

22, 2009). Texas law authorizes an award of "reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8); *see Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 298 (5th Cir. 2007); *Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004); *In re Nalle Plastics Family Ltd. P'ship.*, 406 S.W.3d 168, 172 (Tex. 2013). Indeed, an award of reasonable attorney's fees is mandatory under § 38.001 if the plaintiff recovers damages for a breach of contract claim. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 421 (5th Cir. 2006); *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002). Attorney's fees are also available under § 541 of the Insurance Code and the DTPA. Because Wakefield has asserted claims for breach of contract and violations of the DTPA as well as the Insurance Code, attorney's fees are recoverable in this case if he prevails and, therefore, must be included in the amount in controversy.

Further, prevailing on a DTPA or Insurance Code statutory cause of action would enable Wakefield to collect treble damages if Allstate acted knowingly or intentionally, as alleged. *See* TEX. BUS. & COM. CODE ANN. § 17.50(b)(1). An award of treble damages under the DTPA or Insurance Code is considered part of the amount in controversy. *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 912 (5th Cir. 2002); *Greco v. Jones*, 992 F. Supp. 2d 693, 700 (N.D. Tex. 2014); *Premium Plastics v. Seattle Specialty Ins. Servs., Inc.*, No. H-10-3960, 2011 WL 11199, at *3 (S.D. Tex. Jan. 3, 2011).

District courts in this circuit differ as to when it is facially apparent that the amount in controversy is satisfied, particularly in insurance disputes. Some courts are reluctant to find the requirement satisfied when there is no reasonable indication of the extent of property damage in

the state court petition. *See Hannah v. Allstate Tex. Lloyd's*, No. EP-11-CV-269-KC, 2011 WL 5325257, at *4-5 (W.D. Tex. Nov. 2, 2011) ("In the absence of some factual context regarding the extent of property damage, the Court cannot estimate an amount that could be tripled under the Texas Insurance Code, awarded as consequential damages, or accrued as attorney's fees."); *Tanet v. USAA Ins. Co.*, No. 09-6779, 2011 WL 39036, at *2 (E.D. La. Jan. 5, 2011) (finding that the amount in controversy was not facially apparent where plaintiff did not allege a specific amount of damages nor did she indicate that she sought "insurance policy limits or that [Hurricane Gustav] resulted in total destruction of her property"); *Premium Plastics*, 2011 WL 11199, at *3 ("[B]ecause the petition identifies only categories of damage and not the specifics of the nature of the damage sustained, it is not facially apparent that the amount in controversy exceeds $75,000.00."); *Vanguard Mach. Int'l LLC v. Smith Publ'g, Inc.*, No. H-07-3490, 2008 WL 416254, at *2 (S.D. Tex. Feb. 13, 2008) ("[W]hether it is facially apparent that a plaintiff's claims will likely exceed the jurisdictional amount largely depends on whether the facts alleged in the petition warrant such an inference."); *see also Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003) (finding that the amount in controversy was not facially apparent even though plaintiffs requested treble damages under the DTPA and attorneys' fees in addition to other damages), *vacated on other grounds by* 544 U.S. 431 (2005).

Conversely, when the plaintiff's petition describes the extent of property damage in more detail, courts are more likely to find that it is facially apparent that the amount in controversy exceeds $75,000.00. *See Jiminez v. State Farm Lloyds*, No. 7:14-CV-294, 2015 WL 13188304, at *2 (S.D. Tex. Mar. 9, 2017) (finding it facially apparent that the claimed damages exceeded $75,000 where the plaintiffs alleged property damage in the amount of at least $22,000); *Randall*

*v. State Farm Fire & Cas. Co.*, No. 11-1358, 2011 WL 3204705, at *2 (E.D. La. July 27, 2011) (finding the amount in controversy facially apparent when plaintiff's petition alleges her property was "severely damaged and/or destroyed," the amounts already paid under the policy are known, and she demands statutory penalties); *Caldwell Mem'l Hosp., Inc. v. Trimark Catastrophe Servs., Inc.*, No. 06-1319, 2007 WL 471180, at *3 (W.D. La. Feb. 8, 2007) (finding that it was facially apparent that the amount in controversy was satisfied where various forms of property damage occurred in a hospital setting). The general principle behind these cases is that a defendant cannot simply point to the numerous categories of damages in a plaintiff's state court petition, without more, and thereby establish that it is facially apparent that the amount in controversy is at least $75,000.00. *See Wright Family Invs., LLC v. Jordan Carrier, Inc.*, No. 12-CV-0826, 2012 WL 2457664, at *3 (W.D. La. June 25, 2012) ("A stubbed toe petition filed in city court does not become a federal case because the plaintiff's attorney was creative enough to list several damage categories in the petition.").

Although generally the nature and extent of the property damage alleged could well be sufficient to justify a damage award surpassing the requisite amount in controversy, that is not the case here. Indeed, the sole factual averment mentioning property damage is that Wakefield submitted a claim "for damage to his pool" as a result of a windstorm. Without some factual context regarding the extent of Wakefield's property damage, the court cannot estimate an amount of actual damages that could be trebled under the DTPA, awarded as consequential damages, or accrued as attorney's fees. Consequently, it is not apparent from the face of the petition that the amount in controversy exceeds $75,000.

9

Moreover, Allstate fails to set forth "summary judgment type evidence" of any facts in controversy that support a finding that the amount in controversy exceeds $75,000. Indeed, the pre-suit demand letter that Allstate claims Wakefield failed to send is attached to Wakefield's motion to remand, along with facsimile confirmation that it was sent on June 7, 2017. In the letter, Wakefield's counsel lists categories of damages sought, including treble damages, the 18% penalty, mental anguish, and attorney's fees. The amount contained therein totals $49,928.91. Based on this evidence, Allstate's failure to file a response in opposition, and the settled rule that any doubt must be resolved against removal and in favor of remand, the court finds the requisite amount in controversy lacking.

III.  Conclusion

An evaluation of the relevant facts and controlling law reveals that this court does not have subject matter jurisdiction over this action. Although complete diversity of citizenship exists between the parties, the amount in controversy is less than $75,000.00. Therefore, this case was improperly removed, and remand is warranted. Accordingly, Wakefield's motion to remand is GRANTED. An order of remand will be entered separately.

SIGNED at Beaumont, Texas, this 29th day of September, 2017.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE